BRUNOT, J.
 

 This is a prosecution for selling intoxicating liquor for beverage purposes, in violation of the provisions of the Hood Act (Act No. 39 of 1921 [Ex. Sess.]). The accused was charged with this offense, he was tried, convicted, and sentenced, and from the verdict and sentence he has appealed.
 

 There are three bills of exception in the record.
 

 The first 'bill of exception was to the refusal of the judge to order the district attorney to file a statement of facts developed during the trial of the case. The per curiam of the trial judge is as follows:
 

 “The court refused the request of counsel to order the district attorney to agree upon any statement of facts for the reason that the court knows of no law requiring it, and the court is of the opinion that the Supreme Court does not, in such cases, take jurisdiction of the facts; hence such a statement could serve no useful purpose.”
 

 This court has held that, where no proof of a material allegation in the information is offered, we will set aside the verdict and remand the ease, but we' have- never held that, where, after considering all the evidence in the case, if the jucjge is satisfied ^ beyond a reasonable doubt of the guilt of the accused, the verdict should be disturbed. There is fio law which compels the district judge to require the district attorney to subscribe to an agreed statement of the facts of the ease.
 

 The second bill of exceptions was reserved to the overruling of counsel’s request to have the clerk of court take down the testimony of the defendant, on the hearing of his motion for a new trial. Before ruling on this request the court asked counsel for defendant to state, the purpose of his request. Counsel replied that he had no special bbject in making the request, and therefore the request was overruled. There is no merit in this bill.
 

 The third bill of exceptions was reserved to the overruling of a motion for 'a new trial. The basis of this exception is the lack of the sufficiency of the evidence to sustain the verdict and sentence. The' - per curiam of the judge is as follows:
 

 “Counsel, in stating what J. W. Cline and John O’Quinn, witnesses for the state, testified to, failed to state all that witnesses testified to. The testimony of these two.witnesses and that of the accused himself and of Ed Hawthorne, who testified for the accused, all taken together, fully convinced the court beyond' any question of doubt that the accused was guilty as charged. It was in the home of the accused that the liquor was made, kept, and sold. * * ♦ After a complete consideration of all the testimony it convinced the court of the guilt of the accused.”'
 

 We see no merit in this, bill, and therefore the verdict and sentence are affirmed.
 

 O’NIELL, C. J., concurs in the decree.